IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:21-CR-0176 |
| | : | |
| v. | : | |
| | : | |
| AQUDRE QUAILES | : | Judge Jennifer P. Wilson |

## ORDER

Before the court is the Government's motion to stay the court's order dismissing the single-count indictment charging Defendant Aqudre Quailes ("Quailes") with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 105.) In the August 22, 2023 opinion, the court held that the Government failed to meet its burden under the standard announced in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, __ U.S. __, 142 S. Ct. 2111 (2022), and applied in *Range v. Attorney General*, 69 F. 4th 96 (3d Cir. 2023). (Doc. 102, p. 2.) The court found that, as applied to Quailes, the Government did not establish that Section 922(g)(1) was consistent with the Nation's "historical tradition of firearm regulation." (*Id.*) Now, the Government asks to stay the court's order while it appeals the decision. (Docs. 105, 106.) For the reasons that follow, the court will deny the motion to stay.

1

## BACKGROUND

Quailes was charged by indictment on June 23, 2021, with one count of possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) Quailes had an initial appearance on July 8, 2021, and was detained pending trial. (Doc. 14.)

Quailes filed a motion to dismiss the indictment based on the Supreme Court's decision in *Bruen*, arguing that Section 922(g)(1) is unconstitutional as applied to him. (Doc. 58.) After the parties briefed the issue, the court entered an order on November 10, 2022, deferring ruling on the pending motion to dismiss in order to incorporate by reference the expected expert historical reports that would be filed in another criminal case pending in this district. (Doc. 69.) On November 22, 2022, the court vacated the November 10 order in light of the Third Circuit Court of Appeals panel decision in *Range v. Attorney General*, 53 F.4th 262 (3d Cir. 2022) (*per curiam*). (Doc. 70.) The court then denied Quailes' motion to dismiss on December 1, 2022, based on the precedential panel opinion in *Range*, which reaffirmed the constitutionality of Section 922(g)(1) under the history and tradition framework established in *Bruen*. (Doc. 74.)

Then, on June 29, 2023, Quailes filed a motion for reconsideration of the order denying his motion to dismiss the indictment. (Doc. 85.) Quailes asserted that reconsideration was warranted because, following the court's denial of his

motion, the Third Circuit vacated the panel opinion in *Range*, and then issued an *en banc* opinion finding that Section 922(g)(1) violates the Second Amendment as applied to Bryan Range based on the application of the holding in *Bruen* in *Range*, 69 F.4th 96 (3d Cir. 2023).  (Doc. 85.)

On August 22, 2023, the court entered a memorandum and order granting Quailes' motion for reconsideration and dismissal and lifting the federal detainer lodged against Quailes.  (Docs. 102, 103.)  The same day, the Government filed a notice of appeal pursuant to 18 U.S.C. § 3731 and 28 U.S.C. § 1291.  (Doc. 104.)  On August 25, 2023, the Government filed a motion to stay the court's order, as well as a brief in support thereof.  (Docs. 105, 106.)  Quailes filed a brief in opposition, and the Government has replied.  (Docs. 107, 109.)  Thus, the motion to stay is ripe for resolution.

Following the issuance of the court's order, Quailes was in the custody of the Commonwealth of Pennsylvania pending state charges with bail set at $90,000.  (Doc. 106, p. 2; Doc. 107, p. 1, n.1.)[1]  However, on September 7, 2023, the Government notified the court that Quailes posted bail and was released.  (Doc. 110.)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

**LEGAL STANDARD**

The Government requests that the court stay its order granting Quailes' motion to reconsider and dismiss the indictment and lifting the federal detainer pending the Government's appeal. (Doc. 105, ¶ 10.) The Government makes this request pursuant to *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). (*Id.* at ¶ 9.)

As a threshold matter, Quailes questions whether the Government is properly seeking a stay pursuant to *Nken* in this situation given that the Government is seeking to prevent his release pending appeal. (Doc. 107, p. 2.) Quailes argues that the question of whether the court may continue the pretrial detention of Quailes after dismissal of the indictment and pending the Government's appeal should be governed by 18 U.S.C. § 3142 rather than *Nken*. (*Id.*) In reply on this point, the Government contends that the court clearly has authority to issue a stay of its order pending the outcome of the Government's appeal. (Doc. 109, pp. 1–3 (citing *Scripps-Howard Radio v. FCC*, 316 U.S. 4, 9–10 (1942); Fed. R. App. P. 8(a)(1)(A)) (collecting additional support for this proposition).)

Federal Rule of Appellate Procedure 8(a)(1)(A) requires a party seeking a stay of the judgment or order of a district court pending appeal to move for a stay first in the district court. However, Federal Rule of Appellate Procedure 8(c) indicates that Rule 38 of the Federal Rules of Criminal Procedure governs a stay in

a criminal case. Turning to Federal Rule of Criminal Procedure 38, there are a number of instances in which certain orders must or may be stayed, including the death sentence; a sentence of imprisonment, fine, probation, or restitution; a forfeiture order; or a civil or employment disability under federal law. *See* FED. R. CRIM. P. 38. None of the situations in which a court must or may stay an order under Rule 38 are applicable here.

None of the cases the Government has cited are precisely on point in support of the Government's request to stay this court's order dismissing a single-count indictment and lifting a federal detainer pending appeal. *See Scripps-Howard Radio*, 316 U.S. at 17 (holding that courts of appeals have the power to grant a stay to enforce an order of the Federal Communications Commission pending appeal); *Hilton v. Braunskill*, 481 U.S. 770, 776–779 (1987) (holding that federal courts must decide applications for stay of release of state prisoners pending appeal of a district court order granting habeas relief based on the general standard governing stays of civil judgments); *Nken*, 556 U.S. at 422 (holding that authority of the court of appeals to stay an immigration order of removal under the traditional criteria governing stays remains fully intact despite statutory provision restricting injunctive relief blocking removal); *United States v. Bass*, 843 F. App'x 733, 738 (6th Cir. 2021) (granting Government's motion to stay an order granting motion for compassionate release pending appeal); *United States v. Coleman*, No. 15-543,

2022 WL 17905313, at *4–6 (E.D. Pa. 2022) (denying defendant's motion to stay the court's order modifying conditions of supervised release pending appeal); *United States v. Arteaga-Centeno*, 360 F. Supp. 3d 1022 (N.D. Cal. 2019) (granting defendant's motion for release from custody pursuant to 18 U.S.C. §§ 3143(c) and 3142(a) after dismissing indictment, but staying release order for six days because the Ninth Circuit may rule expeditiously on the Government's motion to remand).

The Government has filed an appeal from the court's order pursuant to 18 U.S.C. § 3731 and 28 U.S.C. § 1291.  (Doc. 104.)  Pursuant to 18 U.S.C. § 3143(c), a "judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 . . . ."  Section 3142(a), in turn, addresses release or detention of a defendant pending trial.  Accordingly, it is clear as a procedural matter that the Government is authorized to file a motion to detain Quailes pending appeal in this instance.  However, the Government has instead filed a motion to stay the court's order dismissing the indictment and lifting the federal detainer.  The question, then, is whether the Government may *only* seek an order of detention rather than seeking a stay of the order granting dismissal of the indictment pending appeal.

Neither party has submitted any authority directly on point as to the procedural validity of the Government seeking a stay of the order as opposed to a

statutory motion for detention pending appeal. The court has not found any binding precedent resolving this question. In the absence of any clear authority, the court will assume that the Government may elect to file either a motion for detention based on 18 U.S.C. §§ 3143(c) and 3142(a), or a motion for stay of the court's order pending appeal.[2] The court will so assume based on the "inherent" power to hold an order in abeyance pending appeal as part of its "traditional equipment for the administration of justice." *Scripps-Howard Radio*, 316 U.S. at 9–10; *see also Nken*, 556 U.S. at 426.

A stay is "not a matter of right," but is instead an "exercise of judicial discretion," dependent on the particular circumstances of the case. *Nken*, 556 U.S. at 433 (citations omitted). The party seeking a stay bears the burden of persuasion. *Id.* The factors governing the issuance of a stay are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton*, 481 U.S. at 776; *Nken*, 556 U.S. at 426. The first two factors are the most critical. *Nken*, 556 U.S. at 434.

---

[2] Because the court will address the merits of the Government's motion to stay, there is no reason to address Quailes' additional argument that detention cannot be ordered pending appeal pursuant to 18 U.S.C. § 3142 because the sole charge against him has been dismissed. (Doc. 107, pp. 2–5.)

## DISCUSSION

The court will consider each of the factors governing the Government's request for a stay.

### A. Whether the Government has made a strong showing that it is likely to succeed on the merits.

Success on the merits is a critically important factor, which requires the movant to demonstrate that he has a "reasonable chance, or probability, of winning." *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015). The probability need not be more likely than not, but it must be "significantly better than negligible." *Id.* at 571; *see also Nken*, 556 U.S. at 434.

The Government argues that it has a strong likelihood of success on appeal, or, at a minimum, a substantial case on the merits, for several reasons. The Government contends that the "Supreme Court has been clear regarding the constitutionality of prohibitions on felons possessing firearms," citing the "longstanding prohibition" language in *District of Columbia v. Heller*, 554 U.S. 570, 620–27 (2008), which has never been overturned and instead has been reaffirmed by several justices and is not dicta. (Doc. 106, pp. 3–9.) The Government next points to the fact that a defendant's motion for bail pending appeal based on the *en banc* decision in *Range* was denied by another judge in this district in *United States v. Brinson*, No. 3:22-cr-396, Doc. 48, (M.D. Pa. June 28, 2023), as well as by a motions panel of the Third Circuit in *United States v.*

*Brinson*, No. 23-2075, Doc. 19 (3d Cir. July 31, 2023). (*Id.* at 9–10.)[3] The Government next points to Quailes' status as a parolee at the time he possessed firearms. (*Id.* at 10.) Finally, the Government relies on the fact that Quailes did not maintain that he possessed the firearm at issue for a lawful purpose. (*Id.* at 11–13.) Quailes responds to each of the Government's assertions with respect to likelihood of success on the merits and, not surprisingly, disagrees. (Doc. 107, pp. 6–9.)

    The court has carefully considered each of the Government's arguments on the likelihood of success factor. Nearly all of these arguments were already considered and discussed at length in the court's opinion granting Quailes' motion to dismiss the indictment. (*See* Doc. 102.) The court will not repeat the reasons why these arguments were rejected. However, the court will address the one assertion that the Government did not argue in its brief in opposition to Quailes' motion to dismiss, which is the fact that different district courts in this circuit have reached different conclusions on the question of whether Section 922(g)(1) is constitutional. The fact that some district courts in this circuit have reached different conclusions in different cases arguing the merits of as-applied challenges

---

[3] In its reply brief, the Government notes that after this court granted Quailes' motion to dismiss, "at least two other courts in this circuit have rejected as-applied challenges to Section 922(g)(1)." (Doc. 109, p. 5 (citing *United States v. Blair*, No. 2:17-cr-153, Doc. 279 (W.D. Pa. Aug. 28, 2023); *United States v. Ames*, No. 23-178, 2023 WL 5538073 (E.D. Pa. Aug. 28, 2023)).)

9

in various procedural contexts does not establish that the Government is likely to succeed on the merits of the appeal in this case. It does tend to show that reasonable jurists can disagree about the application of *Bruen* and *Range*, a point on which this court certainly agrees.

Indeed, the various arguments about the proper application of *Bruen* in the context of as-applied challenges to Section 922(g)(1) will surely be resolved by the Third Circuit and possibly the Supreme Court in due course. However, in the interim, this court carefully analyzed the arguments presented and exercised its best judgment to resolve the motion to dismiss. Although the issues will undoubtedly be litigated vigorously on appeal in this case and possibly others, the Government has not established a "better than negligible" chance of success on the merits. Accordingly, the first factor does not weigh in the Government's favor.

### B. Whether the Government has shown that it will be irreparably injured absent a stay and consideration of the public interest.

Because the Government is a party, the second and fourth factors merge and will be considered together. *See Nken*, 556 U.S. at 435. The Government argues that it is appropriate for the court to consider what impact the release of the defendant would have on public safety. (Doc. 106, pp. 14–15 (citing *Hilton*, 481 U.S. at 777).) The Government asserts that Quailes poses a considerable flight risk and a danger to the community given that his potential sentence in this case is at least 120 months, he has four prior drug trafficking convictions, he fled from

police to elude capture, he absconded while on parole, and he has posted pictures and videos of himself on social media brandishing firearms. (*Id.* at 15–17.)

Quailes responds by observing that the Government is free to arrest and charge him if he is suspected of committing another offense while released. (Doc. 107, p. 10.) Quailes further responds by arguing that the public interest lies in not detaining defendants when there is no charging document based solely on past misconduct. (*Id.* (quoting *United States v. Dunlap*, No. 2:13-cr-126, 2014 U.S. Dist. LEXIS 45557, at *7–8 (C.D. Cal. Apr. 1, 2014).) Quailes concedes that he has a prior record that includes "unsavory conduct," but reminds the court that he is currently uncharged, and asserts that "his liberty interest aligns with the interest of society to prevent uncharged individuals from arbitrary detention." (*Id.* at 11.)

In *Hilton*, the Supreme Court observed that the interest of the state habeas petitioner in release pending appeal will be strongest where the state's showing on likelihood of success on the merits is weak. 481 U.S. at 777–78. The Court also observed that a "successful habeas petitioner is in a considerably less favorable position than a pretrial arrestee . . . to challenge his continued detention pending appeal." *Id.* at 779. That is because, "[u]nlike a pretrial arrestee, a state habeas petitioner has been adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication of guilt has been upheld by the appellate courts of the State." *Id.*

In assessing the second and fourth factors, the court acknowledges that Quailes' prior record gives rise to valid concerns about whether he poses a danger to the community.[4] Indeed, Quailes' prior record will present a concern about public safety and recidivism for the foreseeable future in any context in which it is examined. But that is not a sufficient reason to detain Quailes pending appeal where the court has already determined that the Government's showing of likelihood of success on the merits is weak. Moreover, Quailes has not been convicted or sentenced. Although danger to the community is clearly a matter of public interest, so, too, is the principle that a person should not be detained in prison when they are not presently charged with, convicted of, or sentenced for a crime based solely on the fact that their prior record indicates a criminal proclivity. Finally, Quailes will remain subject to investigation and arrest in the event he is suspected of future criminal activity. Accordingly, the second and fourth factors do not weigh heavily in the Government's favor.

### C. Whether the issuance of a stay will substantially injure Quailes.

The Government asserts that Quailes will suffer no injury by a stay because he is detained on state charges with unposted bail of $90,000. (Doc. 106, p. 14.) Quailes responds by asserting that he is detained because he does not have the

---

[4] The concern about Quailes presenting a flight risk is not considered because there is no pending charge requiring Quailes to appear in court.

means to post bail, though he could be released either by finding the means to post bail, or an acquittal, dismissal, or bail reduction.  (Doc. 107, p. 11.)  Quailes argues that he should not be detained for an unknown length of time while the appeal is pending because that is at odds with his fundamental liberty interest.  (*Id.*)

It is impossible to predict how much time will pass before there is a final decision in this matter.  Given the uncertainty of how long the Government's appeal will be pending, it is certainly possible that Quailes will be released from state custody in the interim.  Indeed, the court was notified that Quailes posted bail was released on the same date this order is being entered.  If Quailes were to be detained solely because of the pending appeal by the Government, it is clear that he would suffer an injury.  Simply put, there is no way to restore time spent in pretrial detention in the event that this court's decision finding Section 922(g)(1) unconstitutional as applied to Quailes is ultimately affirmed.  The Government does not attempt to dispute this point.  Thus, this factor also does not weigh in the Government's favor.

## CONCLUSION

After considering the factors governing the Government's motion for stay, the court determines that, on balance, the factors do not weigh in the Government's favor. As a result, **IT IS ORDERED THAT** the Government's motion to stay the court's order granting the motion for reconsideration and dismissal of the indictment and lifting the federal detainer, Doc. 105, is **DENIED.**

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated:  September 7, 2023